JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARGOL MORADTAJARI, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 8:24-cv-01740-JWH-ADSx<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND [ECF No. 12]** |

Before the Court is the motion of Plaintiff Pargol Moradtajari to remand this action to Orange County Superior Court.[1]  The Motion is fully briefed.[2] The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons stated below, the Court **GRANTS** the instant Motion to remand.

## I.  BACKGROUND

Moradtajari originally filed her Complaint in state court in April 2024.[3] Moradtajari asserts the following claims for relief against Defendant Mercedes-Benz USA, LLC:

- a California Song-Beverly Act express warranty claim;
- a California Song-Beverly Act implied warranty claim;
- a California Song-Beverly Act § 1793.2(b) claim;
- a federal Magnuson-Moss Act claim; and
- a California Consumer Legal Remedies Act claim.[4]

Moradtajari caused Mercedes to be served with process on June 27, 2024.[5] Mercedes removed the action to this Court on August 8, 2024,[6] invoking federal question jurisdiction.[7]  In her instant Motion, Moradtajari argues that Mercedes

---

[1]      Pl.'s Mot. to Remand Case to Orange Cnty. Sup. Ct. (the "Motion") [ECF No. 12].

[2]      *See* Opp'n to the Motion (the "Opposition") [ECF No. 13]; Reply in Supp. of the Motion [ECF No. 15].

[3]      Def.'s Notice of Removal from Orange Cnty. Sup. Ct., Ex. A (the "Complaint") [ECF No. 1-2].

[4]      *See generally* Complaint.

[5]      Motion, Ex. 1 (the "Proof of Service") [ECF No. 12-2].

[6]      *See* Def.'s Notice of Removal from Orange Cnty. Sup. Ct. (the "Removal Notice") [ECF No. 1] .

[7]      *See id.* at ¶¶ 13-18.

removed this case outside of the 30-day window established by 28 U.S.C. § 1446(b).[8]

## II.  LEGAL STANDARD

### A.    Removal Clock

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).

"As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and '[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant.'"  *Kelly v. Chi. Bridge & Iron Co.*, 2017 WL 11633200, at *1 (C.D. Cal. Jan. 12, 2017) (quoting *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991)).  The removal statute "identifies two thirty-day periods for removing a case."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face."  *Id.* (citation and internal quotation marks omitted).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  *Id.* (citation and internal quotation marks omitted); *see also Wilson v. Target Corp.*, 2023 WL 6786200, at *3 (C.D. Cal. Oct. 13, 2023).

---

[8]       *See id.*

When the so-called 30-day removal clock begins to tick, the deadline that it imposes "is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

**B.    Federal Question Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Typically, a party need not establish an amount in controversy to invoke federal question jurisdiction.

**C.    Magnuson-Moss Warranty Act**

To invoke federal question jurisdiction by using the Magnuson-Moss Warranty Act, however, "(1) each individual claim must be at least \$25; and (2) at least \$50,000 (exclusive of interests and costs) must be at issue unless the claim comes within the court's supplemental jurisdiction."  The Wagstaffe Group Practice Guide:  Federal Civil Procedure Before Trial § 7.358.1 (2024) (citing *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731, 733 (7th Cir. 2021)).

### III.  ANALYSIS

**A.    The Complaint Sufficiently Establishes the Amount in Controversy**

As discussed above, Moradtajari asserts a Magnuson-Moss Warranty Act claim.[9]  Specifically, Moradtajari alleges that "[o]n or about March 14, 2023, Plaintiff leased a new 2023 Mercedes-Benz EQS450X, 4JGDM2DB4PA012097 ('The Vehicle') from Defendant, through its authorized agent.  Plaintiff tendered a down payment of \$13,417.53 (Due at Signing) and is now obligated to tender monthly payments of \$1,249.88 for the duration of the 48-month term. ('lease' or 'Transaction')."[10]  Thus, the amount in controversy exceeds

---

[9]    *See* Complaint ¶¶ 22-37.

[10]    *Id.* at ¶ 12.

-4-

$50,000: $1,249.88 per month times 48 months equals $59,994.24. Adding the $13,417.53 down payment raises the total amount in controversy to $73,411.77.

Mercedes argues that "Paragraph 12 does not identify [the $73,411.77 figure]. As such, the entirety of Plaintiff's argument is premised on MBUSA performing mathematical calculations to determine the amount in controversy. That is not the standard and that is not the law."[11] Mercedes is simply wrong. The Ninth Circuit has explicitly rejected that argument:

> BMW perceives two errors. First, it suggests that *Harris* [*v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir.2005)] and *Carvalho* freed defendants from the need to make this sort of mathematic calculation. As we explain below, defendants need not make extrapolations or engage in guesswork; yet the statute "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). Multiplying figures clearly stated in a complaint is an aspect of that duty. *See*, *e.g.*, *Carvalho*, 629 F.3d at 884 (noting that the "amount in controversy was at least $12.5 million (*i.e.*, $25,000 times 500 potential plaintiffs)").

*Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (footnote omitted).

Moradtajari's Complaint contains all of the necessary information for Mercedes to determine the amount in controversy in this case.[12] Because that sum exceeds $50,000, Mercedes could have removed the case immediately upon its receipt of process. Mercedes did not need to wait for more explicit figures.

---

[11]    Opposition 13:6-8 (footnote omitted).

[12]    *See* Complaint ¶ 12.

**B.      Mercedes Did Not Timely Remove This Case**

On June 27, 2024, Moradtajari served the Complaint.[13]  Thus, the 30-day removal window ended on July 27, 2024.  *See* 28 U.S.C. § 1446(b).  Almost two weeks later—on August 8, 2024—Mercedes removed this case.[14]  "In creating a removal limitations period that now stands at 30 days, Congress recognized the delay in state and federal judicial administration that results from the unfettered use of removal."  *Fed. Deposit Ins. v. Norwood*, 726 F. Supp. 1073, 1077 (S.D. Tex. 1989) (citing *Powers v. Chesapeake & O. R. Co.*, 169 U.S. 92, 100 (1898)).  The 30-day deadline ensures prompt removal, which maintains procedural integrity.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Moradtajari's instant Motion to remand [ECF No. 12] is **GRANTED**.

2.      This case is **REMANDED** to Orange County Superior Court.

**IT IS SO ORDERED.**

Dated:      December 2, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[13]      *See* Proof of Service.

[14]      *See* Removal Notice.